# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TYLER KAHLER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 16-cv-287 |
| v. | ) ) Hon. John R. Adams ) |
| FIDELITY MUTUAL LIFE, INC., a Florida Corporation, d/b/a NATIONAL WARRANTY SERVICES, and ENTERPRISE FINANCIAL GROUP, INC., a Texas Corporation, | ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| Defendants. | ) |

## FIRST AMENDED CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff Tyler Kahler ("Plaintiff") brings this First Amended Class Action Complaint against Defendants Fidelity Mutual Life Inc., doing business as National Warranty Services ("Fidelity") and Enterprise Financial Group Inc. ("Enterprise Financial") (collectively, "Defendants") on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### I.  NATURE OF THE ACTION

1. Defendant Fidelity offers Vehicle Service Contracts ("VSC"), an extended warranty that covers breakdowns or electrical issues with consumer cars.

2. Defendant Enterprise Financial offers a wide range of consumer protection products and services, including VSC's.[1]

3. In an effort to market its products and services, Fidelity made (and directed to be made on its behalf) calls as a licensed agent of Enterprise Financial to the wireless telephones of Plaintiff and each of the members of the Class (as defined in Part V *infra*), without prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

4. Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Fidelity or Enterprise Financial to make calls to their wireless telephones.

5. By making such unauthorized calls, Defendants Fidelity and Enterprise Financial caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

6. In order to redress these injuries, Plaintiff seeks: (a) an injunction requiring Fidelity and Enterprise Financial to cease all unsolicited calling activities; (b) an award of statutory damages to the Class members under the TCPA; and (c) costs and reasonable attorneys' fees.

**II. JURISDICTION AND VENUE**

7. This Court has original jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

---

[1] About Us, The TechChoice, http://techchoice.efgcompanies.com/2015/about.html (last visited Jan. 22, 2016), attached hereto as Exhibit A.

8. This Court has personal jurisdiction over Defendants Fidelity and Enterprise Financial under the Ohio Long-Arm Statute, R.C. § 2307.382, because Fidelity and Enterprise Financial committed a tortious act in the State of Ohio, and because Fidelity and Enterprise Financial conduct and carry on business in this State.

9. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this action occurred in this District.

### III. PARTIES

*Plaintiff*

10. Plaintiff is an individual domiciled in Stark County, Ohio.

*Defendants*

11. Defendant Fidelity is a company incorporated in and existing under the laws of the Florida with its principal place of business located at 2000 Palm Beach Lakes Boulevard, 501, West Palm Beach, Florida 33409.

12. Defendant Fidelity registered the fictitious name "National Warranty Services."

13. Defendant Enterprise Financial is a company incorporated in and existing under the laws of Texas with its principal place of business located at 122 West Carpenter Freeway, 6th Floor, Irving, Texas 75039.

14. Enterprise Financial maintains a registered agent at NRAI Services Incorporated, 1200 South Pine Island Road, Plantation, Florida 33324.

15. Fidelity maintains a registered agent at 2000 Palm Beach Lakes Blvd., West Palm Beach, Florida 33409.

## IV.     FACTUAL BACKGROUND

16.     Companies have employed advance technologies that make it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives***. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[2]

*Defendant Fidelity's Call To Plaintiff*

17.     At all relevant times, Plaintiff was the subscriber of the wireless telephone number ending in 4137.

18.     At 4:33 p.m., on or about October 14, 2015, Plaintiff received a call to his wireless telephone from (330) 259-7873. (*See* Exhibit B.)

19.     When Plaintiff answered the call, a prerecorded and artificial message was played.

20.     The prerecorded message identified the speaker as "Oscar" with "Vehicle Protection Center."

21.     The prerecorded message was an interactive voice response system.

---

[2] Daniel B. Heidtke et al., The Telephone Consumer Protection Act of 1991: Adapting Consumer Protection to Changing Technology 7 (Loyola Univ. of Chi., Sch. Of Law – Ins. for Consumer Antitrust Studies Research Paper No. 2013-016, 2013) (emphasis added) (the report "was made possible through a *cy pres* distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow.").

22. The message asked Plaintiff questions.

23. After recognizing some of Plaintiff's responses to its questions, the message stated that Plaintiff qualified for a services contract on his vehicle and that he would be transferred to a "Senior Coverage Specialist."

24. Before Plaintiff was transferred to a "Senior Coverage Specialist," the phone line disconnected.

25. Within moments of being disconnected, Plaintiff received a call from (234) 281-3343.

26. When Plaintiff answered the call, a person identified himself as "Joe" with "National Warranty Services."

27. Defendant Fidelity does business in the name of "National Warranty Services."

28. "Joe" was a representative of Defendant Fidelity.

29. Plaintiff asked "Joe" why "Joe" was calling him from "National Warranty Services," when Plaintiff originally received a call from "Oscar" of "Vehicle Protection Center."

30. "Joe" stated that "Vehicle Protection Center" and "National Warranty Services" were different departments of the same business.

31. During the call, in an effort to market products and services of Defendant Fidelity and Enterprise Financial, "Joe" provided the following website to Plaintiff: www.thetechchoice.com.

32. When Plaintiff entered the website www.thetechchoice.com into his Internet browser, he was automatically redirected to http://techchoice.efgcompanies.com (the "Website").

33. "Joe" confirmed to Plaintiff that Plaintiff entered the correct web address into his Internet browser.

34. Defendant Enterprise Financial owns and uses the Website.

35. Indeed, Defendant Enterprise Financial's logo appears on the Website:



© 2016 Enterprise Financial Group Inc. All Rights Reserved.
Administered by Enterprise Financial Group, Inc. or one of its affiliated companies. In Florida: Administered by Enterprise Financial Group of Florida, Inc. Florida License #60102

36. Plaintiff requested a direct call-back number for "Joe."

37. "Joe" stated that he had to ask a supervisor for permission.

38. Then, a "Customer Service Supervisor" joined the call.

39. Plaintiff asked the "Customer Service Supervisor" about the discrepancy between "National Warranty Services" and Defendant Enterprise Financial, whose logo appears on the Website.

40. The "Customer Service Supervisor" stated that Defendant Fidelity was "affiliated" with and a "licensed agent" of Defendant Enterprise Financial.

41. "Joe" and the "Customer Service Supervisor" also informed Plaintiff that the call was being recorded.

*Defendant Fidelity Acts As Agent For Defendant Enterprise Financial*

42. As a "licensed agent" of Defendant Enterprise Financial, Defendant Fidelity was authorized by Enterprise Financial to place telephone calls on Enterprise Financial's behalf.

43. Fidelity had actual authority to place telephone calls on behalf of Enterprise Financial.

44. By placing calls on behalf of Enterprise Financial, Fidelity was at all relevant times acting within the scope of its actual authority.

*Defendant Fidelity Makes Unauthorized Calls To The Class*

45. Defendant Fidelity made, and had made on its behalf, as a licensed agent of Defendant Enterprise Financial, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

46. Fidelity, as a licensed agent of Enterprise Financial, made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

47. Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Fidelity, as a licensed agent of Enterprise Financial, to call their wireless phones.

## V.  CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action, on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the "Class" defined as:

> All individuals in the United States: (a) to whom, from the last four years of the filing of this action up to the date of trial, Defendant Enterprise Financial, or someone acting on its behalf, including Defendant Fidelity, made a non-emergency call to the individual's cellular telephone through the use of an automatic dialing system and/or prerecorded or artificial voice; and (b) from whom Defendants did not get an agreement disclosing to the individual that (i) by providing their cellular numbers, Defendants may call the person's cellular number using an automatic telephone dialing system and/or an artificial prerecorded voice, (ii) Defendants' call may be for telemarketing purposes, and (iii) the individual was not required to agree in order to be eligible for the services contract offered by Defendants.

Excluded from the Class are Fidelity and Enterprise Financial and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

49. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

50. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. There are thousands of consumers who have been damaged by Fidelity and Enterprise Financial's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Fidelity and Enterprise Financial's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and published notice.

51. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. The manner in which Fidelity and Enterprise Financial compiled and called the list of wireless telephone numbers, including Plaintiff's number;

   b. Whether the equipment Fidelity (and someone on Fidelity's behalf), as a licensed agent of Enterprise Financial, used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

   c. Whether the equipment Fidelity (and someone on Fidelity's behalf), as a licensed agent of Enterprise Financial, used to make the calls in question involved the use of a prerecorded or artificial voice as contemplated by the TCPA;

   d. Whether Enterprise Financial is liable for the conduct of Fidelity;

   e. Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

  f.  Whether Plaintiff and the Class are entitled to treble damages under the TCPA based on the willfulness of Fidelity's conduct as a licensed agent of Enterprise Financial; and

  g.  Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

52. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

53. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because: his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

54. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** By making calls to wireless phones using an automatic telephone dialing system and prerecorded messages in violation of the TCPA, Defendants have acted on grounds generally applicable to Plaintiff and the other Class members. Accordingly, this Court should award Plaintiff and the Class final injunctive relief as well as corresponding declaratory relief.

55. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Fidelity and Enterprise Financial, so it would be impracticable for

Class members to individually seek redress for Fidelity and Enterprise Financial's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

56. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

57. Defendant Fidelity and its agents made phone calls, as a licensed agent of Defendant Enterprise Financial, to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

58. Fidelity made the calls, and had them made on its behalf, as a licensed agent of Enterprise Financial, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

59. Fidelity utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

60. Fidelity made the calls, and had them made on its behalf, as a licensed agent of Enterprise Financial, using an artificial and prerecorded voice.

61. By making the calls to Plaintiff and the Class, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Fidelity's unlawful conduct as an agent of Enterprise Financial, the Class members suffered actual damages in the form of monies paid to receive the calls on

their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

62. Defendants' conduct was willful or knowing and, hence, Plaintiff and the other Class members are entitled to treble damages, pursuant to section 227(b)(3)(C).

## VII. JURY DEMAND

63. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Tyler Kahler, individually and on behalf of the Class, requests that the Court enter an Order:

A. Certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

B. Awarding statutory damages;

C. Finding Defendants liable for violating the TCPA;

D. Trebling damages for Defendants' willful or knowing violation of the TCPA;

E. Requiring Defendants to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

F. Awarding of reasonable attorneys' fees and costs; and

G. Awarding such other and further relief that the Court deems reasonable and just.

Dated: April 19, 2016	Respectfully submitted,

By: __*/s/ Joseph J. Siprut*__

Joseph J. Siprut *(Pro Hac Vice)*
*jsiprut@siprut.com*
Richard L. Miller II *(Pro Hac Vice)*
*rmiller@siprut.com*
Ismael T. Salam *(Pro Hac Vice)*
*isalam@siprut.com*
Richard S. Wilson *(Pro Hac Vice)*
*rwilson@siprut.com*
**SIPRUT PC**
17 N. State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342

*Counsel for Plaintiff
and the Proposed Putative Class*


Mark A. DiCello, Esq. (0063924)
Robert F. DiCello, Esq. (0072020)
*madicello@dicellolaw.com*
**THE DICELLO LAW FIRM**
7556 Mentor Ave.
Mentor, Ohio 44060
Phone: 440.953.8888
Fax: 440.953.9138

*Local Counsel for Plaintiff
and the Proposed Putative Class*

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that on this 19th day of April 2016, a copy of the foregoing **First Amended Class Action Complaint** was filed electronically. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    */s/ Joseph J. Siprut*